E-FILED
Monday, 03 November, 2014 06:34:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ADAM GOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-3264 |
| | ) | |
| RAINMAKER CAMPGROUND, | ) | |
| INC., EDWARD A. WUTTKE, | ) | |
| WENDY L. WUTTKE, CITY OF | ) | |
| LITCHFIELD, IL, JOHN DOE 1, | ) | |
| JOHN DOE 2, JOHN DOE 3, | ) | |
| JOHN DOE 4, JOHN DOE 5, | ) | |
| JOHN DOE 6, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

    Before the Court is Defendant City of Litchfield's Motion to Dismiss (d/e 14). Because the Plaintiff, Adam Goza has sufficiently alleged that he was legally disabled for a period of time after his injury, tolling the statute of limitations on his claim, the Defendant's Motion to Dismiss is DENIED.

## I. BACKGROUND

Defendant Rainmaker Campground operates a private campground at Lake Lou Yaeger, outside of Butler, Illinois. See Complaint, d/e 1 ¶¶13-14. Defendant City of Litchfield is a municipality that controls Lake Lou Yaeger and the surrounding land. Id. ¶ 7. On September 1, 2012, the Plaintiff, Adam Goza, was injured while swimming in Lake Lou Yaeger when he dove from a dock into shallow water. Id. ¶¶12, 18-20. As a result, Goza "suffered severe and permanent harm including paralysis." Id. ¶ 24. On August 22, 2014, Goza filed suit against Rainmaker, the individuals who own and operate Rainmaker (Defendants Edward Wuttke, Wendy Wuttke, and John Does 1-3), the City, and John Does 4-6, who are described as "political subdivisions, entities, departments, agencies or employees or agents" of the City. Id. ¶¶ 5-6, 8. Goza claims that his injuries were the result of the negligence of the Defendants in failing to warn patrons of the danger presented by the shallow water and otherwise maintain the lake in a safe condition. Id. ¶¶ 26-29. The City now moves to dismiss the claims against it and John Does 4-6 on the grounds that those claims are

barred by the one-year statute of limitations provided by 745 ILCS 10/8-101 for suits against government entities. See Defendant City of Litchfield's Motion to Dismiss ("Motion"), d/e 14.

## II. **LEGAL STANDARD**

Dismissal under Rule 12(b)(6) is proper if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[B]ecause the period of limitations is an affirmative defense[,] it is rarely a good reason to dismiss under Rule 12(b)(6)." Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004). Therefore, "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004).

In determining whether a complaint can survive a motion to dismiss, the Court can consider "the allegations that are contained in [the complaint] and all reasonable inferences drawn from [the

complaint] in favor of the nonmovant." Dausch v. Rykse, 52 F.3d 1425, 1428 (7th Cir. 1994).  Furthermore, "[t]he facts asserted in the memorandum in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they 'could be proved consistent with the [plaintiff's] allegations.'" Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## III.  ANALYSIS

The City argues that Goza's claims against the City and John Does 4-6 are barred by Illinois statute.  In general, the statute of limitations for personal injury claims in Illinois is two years.  See 735 ILCS 5/13-202.  However, Illinois' Tort Immunity Act provides that a suit against a "local entity or any of its employees for any injury" will be barred "unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/8-101.  The City contends that Goza's claim must be dismissed because Goza was injured on September 1, 2012, but he did not file his lawsuit until August 22, 2014—almost two years later.  See Motion, d/e 14 at 4.

Goza responds that his injury rendered him legally disabled

for a period of time after the accident, tolling the statute of limitations. See Plaintiff's Response to Defendant City of Litchfield's Motion to Dismiss ("Response"), d/e 16 at 2-4. Under the "Minors and Persons under Legal Disability" statute of limitations, if a person entitled to bring a personal injury action "is under a legal disability, then he or she may bring the action within 2 years after . . . the disability is removed." 735 ILCS 5/13-211. A person is considered legally disabled if he or she is "entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his [or her] estate or financial affairs." Hochbaum v. Casiano, 686 N.E.2d 626, 631 (Ill. App. Ct. 1997). On the other hand, "a person is not legally disabled if he or she can comprehend the nature of the injury and its implications." Basham v. Hunt, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002). The Illinois Supreme Court has stated that "[t]he purpose of tolling provisions for legal disability . . . is to protect the rights of those who are not competent to do so themselves." Bruso by Bruso v. Alexian Bros. Hosp., 687 N.E.2d 1014, 1017 (Ill. 1997).

If a legally disabled plaintiff files suit against a government

entity, both the Tort Immunity Act and the Minors and Persons under Legal Disability statute apply to his claim, and the Illinois courts apply a "compromise" between the two statutes. See Basham, 773 N.E.2d at 1223 (citing Ferguson v. McKenzie, 780 N.E.2d 660 (Ill. 2001)); McKinnon v. Thompson, 758 N.E.2d 316, 318 (Ill. App. 2001). Under the Minors and Persons under Legal Disability statute, the period of limitations does not begin to run until after the plaintiff's legal disability ends, but the Tort Immunity Act has the effect of shortening the two-year period of limitations provided by the Minors and Persons under Legal Disability statute to one year, because the plaintiff is filing suit against a governmental entity. See Basham, 773 N.E.2d at 1223 (finding that plaintiff who had been legally disabled for approximately a month after being injured in an accident had filed her personal injury lawsuit within the one-year statute of limitations provided by the Tort Immunity Act when she sued more than a year after the time of the accident but less than a year after her legal disability ended).

In this case, Goza states that as a result of his injury, "he suffered severe and permanent harm including paralysis."

Complaint, d/e 1 at 5. Goza further explains in his response to the City's motion to dismiss that after his accident, he spent several months recovering in hospitals. See Response, d/e 16 at 3. Furthermore, he states that "Plaintiff has short term memory loss, anxiety and severe depression. Plaintiff has to have assistance in making financial decisions and assistance in paying bills." Id. If Goza is able to prove that those allegations are true, he may have been legally disabled under the Minors and Persons under Legal Disability statute for a sufficient period of time to bring his filing date within the one-year period of limitations provided by the Tort Immunity Act. Therefore, the Court finds that dismissal of Goza's claim under the one-year statute of limitations would be premature at this time.

## IV. **CONCLUSION**

For the above reasons, Defendant City of Litchfield's Motion to Dismiss (d/e 14) is DENIED. The City is ORDERED to file an answer to the Plaintiff's complaint by November 18, 2014.

ENTER: November 3, 2014.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE