E-FILED
Tuesday, 31 March, 2015  01:22:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ADAM GOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAINMAKER CAMPGROUND, INC., EDWARD A. WUTTKE, WENDY L. WUTTKE, CITY OF LITCHFIELD, IL, REX A. BRAWLEY, REX A. BRAWLEY 1994 TRUST, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, | ) ) ) ) ) ) ) ) ) ) | Civil No. 14-3264 |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court are Defendants Rainmaker Campground, Inc., Edward A. Wuttke, and Wendy L. Wuttke's Motion to Dismiss Plaintiff's Third Amended Complaint (d/e 44) and Motion to Dismiss with Prejudice Count II of Defendant City of Litchfield's Cross-Claims (d/e 47).  Because the Plaintiff's allegations are sufficient to

state a claim for relief, the Defendants' motions are DENIED.[1]

## I. BACKGROUND

On September 1, 2012, the Plaintiff, Adam Goza, was injured when he dove from a dock while swimming in Lake Lou Yaeger, outside of Butler, Illinois. See Third Am. Compl., d/e 42 ¶¶ 15, 21-22. Goza alleges that he "struck his head on an underwater obstruction or other unknown object or surface." Id. ¶ 22. Goza further claims that the dock was "surrounded by shallow water." Id. ¶ 23. As a result of his injury, Goza "suffered severe and permanent harm including paralysis." Id. ¶ 27.

On August 22, 2014, Goza sued Defendant Rainmaker Campground, Inc., which operates a private campground at Lake Lou Yaeger, and Defendants Edward A. Wuttke and Wendy L. Wuttke, who are named as "directors, officers, employees, agents, or ostensible agents" of Rainmaker Campground. Id. ¶¶ 5, 16-17. Goza also brought claims against the City of Litchfield, a

---

[1] The Court recognizes that the Defendants have requested oral argument on their motion to dismiss. However, the Court can resolve the motion on the briefs, so oral argument is unnecessary. See L.R. 7.1 (stating that the court has discretion to schedule oral argument on a motion or to decide the motion "upon the pleadings and the motion papers without benefit of oral argument").

municipality that controls Lake Lou Yaeger and the surrounding land.  Id. ¶ 9.  Goza later amended his complaint to add Defendants Rex Brawley and the Rex Brawley Trust, which are allegedly the "lessor, licensee and/or permittee" of the property on which the Rainmaker Campground operates.  Id. ¶ 12.  Goza claims that his injuries were the result of the negligence of the Defendants in failing to warn patrons of the danger presented by the shallow water and other possible underwater obstructions and "fail[ing] to maintain the premises in a reasonably safe condition."  Id. ¶¶ 29-32.

    The City of Litchfield filed an answer to Goza's amended complaint that includes a cross-claim against Rainmaker Campground, Wendy Wuttke, and Edward Wuttke (the "Rainmaker Defendants").  See Def. City of Litchfield's Answer and Affirmative Defenses to Pl.'s Third Am. Compl. and Cross-Claims Against Co-Def.s, d/e 45.  The City alleged that it had entered into a lease agreement with Rex Brawley and his late wife regarding the property upon which Rainmaker Campground is located.  See id. at 28.  The City further stated that Rex Brawley was the owner of Rainmaker Campground, Inc., that Wendy Wuttke is Brawley's

daughter, and that Edward Wuttke is Wendy Wuttke's husband. Id. According to the City, the Wuttkes operate the Rainmaker Campground on Brawley's behalf due to Brawley's advanced age. Id. The City brought cross-claims against Brawley, the Wuttkes, and Rainmaker Campground for indemnification and contribution, based on the theory that those Defendants actually controlled Lake Lou Yaeger, meaning that if any negligence had caused Goza's injuries, that negligence was Brawley's, the Wuttkes', and Rainmaker Campground's. Id. at 28-31.

The Rainmaker Defendants now move to dismiss Goza's claims against them on the grounds that they did not owe a duty of care to Goza. See Mot. to Dismiss, d/e 44. They also move to dismiss the City of Litchfield's cross-claim for indemnification because, they argue, they could not have been negligent regarding Goza's injury because they did not owe him a duty of care. See Mot. to Dismiss Cross-Claim, d/e 47.

## II. **LEGAL STANDARD**

Dismissal under Rule 12(b)(6) is proper if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In determining whether a complaint can survive a motion to dismiss, the Court can consider "the allegations that are contained in [the complaint] and all reasonable inferences drawn from [the complaint] in favor of the nonmovant." Dausch v. Rykse, 52 F.3d 1425, 1428 (7th Cir. 1994).

### III. **ANALYSIS**

The Rainmaker Defendants argue that any danger that existed at Lake Lou Yeager was open and obvious, meaning that they did not have a duty to warn Goza about that danger.  In Illinois, the danger presented by bodies of water is generally considered to be open and obvious.  Jackson v. TLC Assocs., Inc., 706 N.E.2d 460, 464 (Ill. 1998).  However, the open and obvious nature of the danger presented by a body of water is not dispositive of whether a party that controls the body of water owes a duty to exercise reasonable care.  Id. at 463.  Court must still analyze the following factors to determine whether a defendant owes a duty: (1) "the likelihood of injury," (2) "the reasonable foreseeability of such injury," (3) "the

magnitude of guarding against the injury," and (4) "the consequences of placing that burden on the defendant." Id.

Furthermore, if a body of water presents dangers beyond those normally associated with water—which consist of the risks of drowning and of being injured from diving into shallow water—then a defendant may owe a duty to warn of those unique dangers. See id. at 464 (holding that the owner of a swimming facility may have owed a duty to warn of the danger presented by an underwater pipe used by the owner to moderate the water level); Duffy v. Togher, 887 N.E.2d 535, 551 (Ill. App. Ct. 2008) (finding that the defendant may have owed a duty to warn of the danger presented by an unusually designed swimming pool that looked deeper than it actually was); Ward v. Mid-Am. Energy Co., 729 N.E.2d 861, 863-64 (Ill. App. Ct. 2000) (holding that the defendant owed a duty to warn of dangerous underwater currents caused by a dam that was in the defendant's control); but see Suchy v. City of Geneva, 8 N.E.3d 565, 577 (Ill. App. Ct. 2014) (distinguishing Ward and finding that the defendants did not owe a duty to warn of dangerous water conditions caused by the presence of a dam); Bezanis v. Fox

Waterway Agency, 967 N.E.2d 393, 400-01 (Ill. App. Ct. 2012) (finding that a defendant did not owe a duty to warn of shallow water in a lake, even though the shallows were 400 feet from shore). Additionally, a defendant is more likely to owe a duty to warn of these unique dangers if he is operating a commercial swimming area, because in that case, "patrons ha[ve] the right to assume that the facility was properly prepared for their use and that [the defendant] ha[s] taken appropriate measures to make it safe." Jackson, 706 N.E.2d at 464.

Here, Goza sufficiently alleges that his injury may have been the result of underwater conditions within the Rainmaker Defendants' control that would not have been open and obvious. Goza alleges that he was injured by "an underwater obstruction or other unknown object or surface." Third Am. Compl., d/e 42 ¶ 22. At this stage, Goza is only required to "give enough details about the subject-matter of the case to present a story that holds together," or in other words, to show that he *could* have hit his head on an underwater obstruction, not that he *did*. Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). Goza's allegation

that he could have struck his head on a concealed object within the Defendants' control is plausible, and therefore sufficient to survive Rule 12(b)(6).  Furthermore, if any concealed, dangerous condition had existed, the Rainmaker Defendants would more likely have owed a duty to warn of that danger because they operated a commercial swimming facility where patrons should have been able to assume that such hidden dangers did not exist.  See Jackson, 706 N.E.2d at 464.  Therefore, Goza sufficiently states a claim upon which relief can be granted, and the Defendants' motion to dismiss must be denied.  Because there is still a possibility that the Rainmaker Defendants were negligent, their motion to dismiss the City of Litchfield's cross-claim for contribution must also be denied.

## IV. **CONCLUSION**

For the above reasons, the Rainmaker Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (d/e 44) and Motion to Dismiss Count II of Defendant City of Litchfield's Cross-Claims (d/e 47) are DENIED.

ENTER: March 31, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE